CONREY
*v.*
BRANDEGEE.

---

## ROBERT *v.* DE ST. ROMES

Where a slave sold as "pleinement garantie des vices et maladies prévus par la loi, à l'exception qu'elle est un peu oppressée," proves to have been so affected with asthma, anterior to the sale, that it must be supposed the buyer would not have purchased her, had he known of the disease, the sale will be rescinded. The statement in the act of sale that the slave was *un peu oppressée*, was not a clear announcement of the disease with which she was affected. A vendor is bound to explain himself clearly; and any obscure or ambiguous expression must be construed against him. C. C. 2449.

APPEAL from the District Court of the First District, *Buchanan*, J. *Rousseau* and *Robert*, for the plaintiff, cited Civ. Code, arts. 1841, § 1, 4, 2523. Pothier, Vente, Nos. 211, 231, 234, 235. Dict. de Medicine, *verbis* Asthma, Oppression.

*Roselius*, for the appellant. The language of the act of sale was sufficient to put the purchaser on his guard, which is all that is required. It is not necessary, in order to modify the extent of the warranty, to state the exact nature of the disease in technical language.

The judgment of the court was pronounced by

SLIDELL, J. It is clearly established by the testimony that the slave sold to the plaintiff has the asthma, and that the disease existed anterior to the sale; that this disease is aggravated by the labours of the kitchen; and that its nature is such as to render the use of the slave inconvenient and imperfect, to the extent of the intendment of art. 2496 of our Civil Code.

The only matter then to be considered in this cause is, the effect of the language used in the act of sale upon the rights of the parties. The slave was sold "comme cuisinière, blanchisseuse et bonne domestique de maison;" and the act further declared, "laquelle esclave est pleinement garantie des vices et maladies prévus par la loi, à l'exception qu'elle est un peu oppressée." Was this such a designation of the disease existing at the time of the sale as to exonerate the vendor? This disease, according to the evidence, is intermittent, and, between the attacks, its symptoms are not apparent. It is considered as not curable. Oppression is its dominant symptom. But oppression may proceed

Robert
v.
De St. Romes.

from other causes, and oppression and asthma are not convertible terms. The seller is bound to explain himself clearly respecting the extent of his obligations; any obscure or ambiguous clause is construed against him. Civil Code, art. 2449. This was not a clear announcement of the disease with which the slave was affected, and which rendered her incompetent to the satisfactory performance of such household duties as she was expressly represented to be qualified for. We believe that the plaintiff would not have purchased if he had known the existence of the disease, and we cannot infer such knowledge from the vague expressions used.                    *Judgment affirmed.*